UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

COREY KENNARD            )
                         )
v.                       )            1:10-cv-165/1:04-cr-109
                         )            *Edgar*
UNITED STATES OF AMERICA )

# **MEMORANDUM**

Corey Kennard ("Kennard") has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 31).[1] Kennard pleaded guilty to Count Four of a Four-Count indictment charging him with knowingly using and carrying and discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Kennard was sentenced to 120 months in the custody of the Bureau of Prisons. Kennard contends he received ineffective assistance of counsel at the time of his conviction.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Kennard was sentenced on April 4, 2005, and his judgment was entered on April 8, 2005. Kennard did not pursue a direct appeal. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Kennard's judgment was entered on April 8, 2005, and he had ten (10) days, until April 22, 2005, to file a

---

[1] Citations to docket entries will refer to the criminal court case file. All filings in this § 2255 proceeding shall be filed in the criminal court case file (1:04-cr-109).

1

notice of appeal.[2] When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, Kennard's conviction became final on April 22, 2005, and the one-year statute of limitations began to run on April 23, 2005.

Kennard had one year from the time his judgment of conviction became final to file his § 2255 motion. April 22, 2005, was the date Kennard's right to file an appeal expired. Thus, Kennard was required to file his § 2255 motion no later than April 24, 2006.[3] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Although the envelope does not reveal the date on which Kennard gave the motion to the prison authorities for mailing, he signed his motion on May 22, 2010. The Court will generously use the date Kennard signed his § 2255 motion, thus, Kennard's § 2255 motion is treated as filed on May 22, 2010. Kennard § 2255 motion is untimely as it was filed more than four (4) years after April 24, 2006—the expiration of the one-year statute of limitations for filing his § 2255 motion.

---

[2] Kennard' judgment was entered on Friday, April 8, 2005. Applying the computation rule in Rule 26(a)(1) of the Federal Rules of Appellate Procedure, the day of the act is excluded, thus, Kennard's 10-day period began on Monday, April 11, 2005, because, under Rule 26(a)(2) of the Federal Rules of Appellate Procedure, intermediate Saturdays, Sundays, and legal holidays are excluded when the period is less than eleven days. Therefore, excluding the intermediate Saturdays and Sundays, Kennard had until April 22, 2005, to timely file a notice of appeal.

[3] Although the one-year statute of limitations ended on Saturday, April 22, 2005, Rule 26 of the Federal Rules of Appellate Procedure provides that if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Accordingly, Kennard's § 2255 motion is time-barred by the statute of limitations and will be **DENIED** (Criminal Court File No. 31). The denial of Kennard's § 2255 motion necessarily renders his motion for release pending the determination of the § 2255 motion moot. Accordingly, Kennard's motion for release pending the determination of his § 2255 motion will be **DENIED as MOOT** (Court File No. 32).

An appropriate judgment will enter.


       /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE